```
                                    UNITED STATES DISTRICT COURT
                                    SOUTHERN DISTRICT OF FLORIDA

                                    CASE NO. 18-CIV-62217-BLOOM
                                    MAGISTRATE JUDGE P.A. WHITE
GOLDEN VASQUEZ,¹

      Plaintiff,
                                              REPORT OF
v.                                       MAGISTRATE JUDGE

JULIE L. JONES,

      Defendant.
_____/
```

## I.   Introduction and Background

This Cause is before the Court upon periodic review of the file in light of this Court's previous orders directing Plaintiff to amend her petition. (DE#s 5, 7). This habeas action presents a procedural history that amounts to the failure of Plaintiff to comply with this Court's orders.

The procedural history of this case is worthy of discussion. On or about September 19, 2018, Plaintiff filed an original petition alleging an improper calculation of her prison sentence and challenging whether she is subject to probation, which was not

---

¹In an attempt to understand the claims raised, the Court reviewed the Florida Department of Corrections' (FDOC) Corrections Offender Network and verified Petitioner's permanent address, current custody status, and learned that Petitioner uses the following aliases: Golden Cox, Golden M. Cox, Golden Marie Cox, Goldenday Cox, Goldenday Marie Cox, Ramdeen Amdeen Golden, Majorie Miers, Marjorie Miers, Jane Mighty, Joan Mighty, Golden Ramdeen, Golden M. Ramdeen, Golden Marie Ramdeen, Goldenday Ramdeen, God Solomon, Godenday Marie Solomon, Golden Solomon, Goldenday Solomon, Goldy Solomon, Golen Solomon, Golen M. Solomon, Golden Vasquez, Golden M. Vasquez, Golden Marie Vasquez, and Goldenday Vasquez. The information can be found at the following web address: http://www.dc.state.fl.us/offenderSearch/detail.aspx?Page=Detail&DCNumber=775710&TypeSearch=AO&NoP=1. This is relevant because a search of the Petitioner using the name provided in this case does not result in any "hits." It is necessary to use Petitioner's inmate number in order to locate her on the website. A copy of this document is now a permanent part of the instant record.

on the proper form and failed to comport with the Rules. (DE#1). The Court issued an order of instructions, an order requiring the payment of the filing fee or the proper filing of an IFP motion accompanied by the inmate account statement, and an order to amend the petition. (See DE#s 3, 4, 5). Within the order to amend, the Court warned Plaintiff that failure to file a petition in accordance with the Rules or the failure to file an amended petition pursuant to the Court's order could lead to the dismissal of her claims. (DE#5). The amended petition was due no later than October 19, 2018. (Id.). Plaintiff submitted an amended petition on or about October 12, 2018, raising the same claims[2]; and the Court issued an order to show cause to the State. (DE#9, 11).

Shortly thereafter, Plaintiff submitted another pleading, construed as a motion to amend and amended petition, seeking to add parties and claims – *again*, improperly pled and not comporting with the Rules. (DE#14). This Court granted a second leave to amend reminding Plaintiff to submit a petition in accordance with the Rules and with specific directives; in particular, the amended petition was due on or before November 30, 2018. (DE#15). Accordingly, the Court vacated the show cause order. (DE#16). As of the date of the drafting of this Report, Plaintiff failed to submit her second amended petition and is no longer incarcerated. (DE#18). The Court must now determine how to address Plaintiff's failure to comply with this Court's directive and failure to prosecute this case. For the reasons set forth below, the undersigned recommends that the Complaint be dismissed without prejudice.

---

[2]Petitioner erroneously calculated her prison time. In her amended petition, she claims that fifteen years in prison correctly amounts to 5,475 days and that she is entitled to 37 days of gain time. However, she improperly calculates the remaining time because she does not consider that according to state law she is required to complete 85% of her sentence. Thus, her release date was November 20, 2018, and not October 5, as she asserts.

## II. **Discussion**

A district court may dismiss a plaintiff's claims *sua sponte* pursuant to either Federal Rule of Civil Procedure 41(b) ("Rule 41(b)") or the court's inherent authority to manage its docket. Link v. Wabash Railroad Company, 370 U.S. 626, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962); Coleman v. St. Lucie Cty. Jail, 433 Fed. App'x 716, 718 (11th Cir. 2011) (citing Fed. R. Civ. P. 41(b) and Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1337 (11th Cir. 2005)). In particular, Rule 41(b) allows for the involuntary dismissal of a plaintiff's claims where he has failed to prosecute those claims, comply with the Federal Rules of Civil Procedure or local rules, or follow a court order. Fed. R. Civ. P. 41(b); see also Coleman, 433 Fed. App'x at 718; Sanders v. Barrett, No. 05-12660, 2005 U.S. App. LEXIS 22496, 2005 WL 2640979, at *1 (11th Cir. Oct. 17, 2005) (citing Kilgo v. Ricks, 983 F.2d 189, 192 (11th Cir. 1993)); cf. Local R. 41.1(b) ("[T]he assigned Judge may, after notice to counsel of record, sua sponte ... dismiss any action for want of prosecution, with or without prejudice[,] ... [based on] willful disobedience or neglect of any order of the Court." (emphasis omitted)). Additionally, a district court's "power to dismiss is an inherent aspect of its authority to enforce its orders and ensure prompt disposition of lawsuits." Brown v. Tallahassee Police Dep't, 205 Fed. App'x. 802, 802 (11th Cir. 2006) (quoting Jones v. Graham, 709 F.2d 1457, 1458 (11th Cir. 1983)).

It is true that dismissal with prejudice for failure to prosecute is a "sanction ... to be utilized only in extreme situations" and requires that a court "(1) conclud[e] a clear record of delay or willful contempt exists; and (2) mak[e] an implicit or explicit finding that lesser sanctions would not suffice." Thomas v. Montgomery Cty. Bd. of Educ., 170 Fed. App'x

3

623, 625-26 (11th Cir. 2006) (quoting Morewitz v. West of Eng. Ship Owners Mut. Prot. & Indem. Ass'n (Lux.), 62 F.3d 1356, 1366 (11th Cir. 1995)); see also Taylor v. Spaziano, 251 Fed. App'x 616, 619 (11th Cir. 2007) (citing Morewitz, 62 F.3d at 1366). By contrast, dismissal without prejudice for failure to prosecute is not an adjudication on the merits; and, therefore, courts are afforded greater discretion in dismissing claims in this manner. Taylor, 251 Fed. App'x at 619; see also Coleman, 433 Fed. App'x at 719; Brown, 205 Fed. App'x. at 802-03.

While this Court carefully exercises its discretion to dismiss cases, dismissal of this action without prejudice is warranted.

Here, Plaintiff failed to amend her petition or otherwise respond to this Court's orders; therefore, the Court is unable to move forward with this case. In addition, Plaintiff was given ample time to follow the Court's latest directive. Still, Plaintiff made no effort to comply. If dismissing the case without prejudice seems harsh it is tempered by the fact that Plaintiff has not properly constructed her claims. Research at the Florida Department of Corrections' website, the Corrections Offender Network, reveals Petitioner was released under conditions of supervised release on November 20, 2018. However, with five separate underlying criminal convictions, it is unclear as to which case supports the conditions of supervised release.[3]

It is true that when considering filings by a pro se prisoner, the court should "look behind the label" and determine whether the filing is cognizable under a different legal approach. Hall v. Warden, FCC Coleman-USP I, 571 Fed. App'x. 826 (11th Cir.

---

[3] Broward County case nos. 0503562, 0613612, and 0620321; and Palm Beach County case nos. 0603058 and 0502408.

4

2014)(citing United States v. Jordan, 915 F.2d 622, 624-25 (11th Cir. 1990)). Yet, the Court will not act as researcher/investigator on a scavenger hunt for claims on Petitioner's behalf. See Fils v. City of Aventura, 647 F.3d 1272, 1284 (11th Cir. 2011)(A court may not act as a movant's lawyer and construct the party's theory of liability from facts never alleged, alluded to, or mentioned during the litigation.). In this regard, the Eleventh Circuit has instructed:

> [A]ll of these principles of law would mean nothing if district courts were required to mine the record, prospecting for facts that the habeas petitioner overlooked and could have, but did not, bring to the surface of his petition. Making district courts dig through volumes of documents and transcripts would shift the burden of sifting from petitioners to the courts. With a typically heavy caseload and always limited resources, a district court cannot be expected to do a petitioner's work for him. Cf. Adler v. Duval County School Board, 112 F.3d 1474, 1481 n.12 (11th Cir. 1997)(noting in a civil case that, absent plain error, "it is not our place as an appellate court to second guess the litigants before us and grant them relief...based on facts they did not relate."); Johnson v. City of Fort Lauderdale, 126 F.3d 1372, 1373 (11th Cir. 1997)("[W]e are not obligated to cull the record ourselves in search of facts not included in the statements of fact."). The Seventh Circuit memorably said that appellate judges "are not like pigs, hunting for truffles buried in briefs." United States v. Dunkel, 927 F.2d 955, 956 (7th Cir. 1991). Likewise, district court judges are not required to ferret out delectable facts buried in a massive record, like the one in this case, which was more than 25,000 pages of documents and transcripts.

Chavez v. Sec'y Fla. Dep't of Corr's, 647 F.3d 1057, 1059-60 (11th Cir. 2011). Those combined requirements means that a habeas movant must construct his claims. See also cf GJR Investments, Inc. v. County of Escambia, 132 F.3d 1359, 1369 (11th Cir. 1998).

5

Accordingly, this case should be DISMISSED without prejudice for failure to prosecute and failure to follow this Court's orders.

### III. <u>Recommendations</u>

For the reasons set forth above, the undersigned recommends that the case be DISMISSED without prejudice pursuant to Rule 41(b) and <u>Fed. R. Civ. P.</u> 8, for Plaintiff's failure to prosecute and abide by the orders of this Court, and that the case be closed.

Nonetheless, the Court may permit Petitioner to submit a properly amended complaint, in accordance with the Rules, which cures the deficiencies noted in this Report and in prior orders, within fourteen days of receipt of a copy of this Report.

Signed this 13th day of December, 2018.

_____
UNITED STATES MAGISTRATE JUDGE

cc: Golden Vasquez
 4141 NW 75th Terrace
 Lauderhill, FL 33319
 PRO SE

 Deborah Koenig
 Office of the Attorney General
 1515 North Flagler Drive, Suite 900
 West Palm Beach, FL 33401
 561-837-5025 ext 172
 Email: deborah.koenig@myfloridalegal.com